Martin F. Casey
James P. Krauzlis
**CASEY & BARNETT, LLC**
305 Broadway, Ste 1202
New York, New York 10007
(212) 286-0225
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

INDEMNITY INSURANCE COMPANY OF
NORTH AMERICA a/s/o ULBRICH STAINLESS       16 Civ.
STEELS & SPECIAL METALS, INC.

        Plaintiff,                                **COMPLAINT**

      - against -

NEW DIREX, INC. and SHIPCO
TRANSPORT, INC.

        Defendants.
-------------------------------------------------------------------X

Plaintiff, INDEMNITY INSURANCE COMPANY OF NORTH AMERICA a/s/o

ULBRICH STAINLESS STEELS & SPECIAL METALS, INC., by and through its attorneys,

Casey & Barnett LLC, as and for its Complaint, alleges upon information and belief as follows:

## JURISDICTION

1.      This is an admiralty and maritime claim within the meaning of Rule 9(h) of the

Federal Rules of Civil Procedure. Jurisdiction is predicated upon 28 U.S.C. §1333.

## PARTIES

2.      At all material times, INDEMNITY INSURANCE COMPANY OF NORTH

AMERICA (hereinafter "IINA" or "Plaintiff") was and is a corporation with an office and place

of business located at 1133 Avenue of the Americas, New York, New York 10036, and is the

subrogated underwriter of various consignments of Stainless Steel Strips, as more specifically described below.

3.     At all material times, Ulrich Stainless Steels & Special Metals, Inc.. (hereinafter "Ulbrich" or "Plaintiff") was and is a corporation organized and existing by virtue of the laws of a foreign state with an office and place of business located at 153 Washington Avenue, North Haven, Connecticut 06473 and was the owner and/or shipper of various consignments of Stainless Steel Strips, as more specifically described below.

4.     At all material times, defendant, New Direx, Inc.  (hereinafter "Defendant" or "New Direx") was and is a corporation with an office and place of business located at 239 Laurel Road, East Northport, New York 11731 and at all relevant times, was and is still doing business within the jurisdiction of this Honorable Court as a non-vessel owning common carrier of goods for hire.

5.     At all material times, defendant, Shipco Transport, Inc.  (hereinafter "Defendant" or "Shipco") was and is a corporation with an office and place of business located at 699 Kapkowski Road, Elizabeth, New Jersey 07201 and at all relevant times, was and is still doing business within the jurisdiction of this Honorable Court as a non-vessel owning common carrier of goods for hire.

6.     Plaintiff brings this action on its own behalf and as agent and/or trustee on behalf of and for the interest of all parties who may be or become interested in the said consignments, as their respective interests may ultimately appear, and plaintiff is entitled to maintain this action.

## RELEVANT FACTS

### CLAIM 1

7.      On or about May 14, 2015, a consignment consisting of 10 Skids Stainless Steel Strips, then being in good order and condition, was delivered to Defendants in New York for transportation to Penang, Malaysia in consideration of an agreed upon freight, pursuant to New Direx bill of lading number OE-48137 dated May 14, 2015 and pursuant to Shipco bill of lading number PEN10167683 dated May 14, 2015.

8.      Defendants received the cargo without exception and thereafter stowed the consignment into container TRLU 9335168.

9.      Thereafter, the aforementioned container was loaded aboard the M/V OOCL TAIPEI 2 and the vessel departed New York on or about May, 2015.

10.     On or about July 3, 2015 the vessel arrived at the port of Penang, Malaysia and on or about that day the subject container was discharged onto the marine terminal.

11.     On or about July 3, 2015 Defendants delivered the subject container to the designated receiver. During discharge of the subject container, it was discovered that the cargo had sustained physical damage to two Skids.

12.     The physical damage sustained to the cargo of Stainless Steel Strips was due to the failure of Defendants and/or its subcontractors to properly care for the cargo while within their custody and control.

13.     A total of 777.66 lbs of cargo suffered physical damage, with a fair market value of $5,281.79.

14.     At all times relevant hereto, a contract of insurance for property damage was in effect between Ulbrich and IINA, which provided coverage for, among other things, loss or damage to the consignment.

15.     Pursuant to the aforementioned contract of insurance between Ulbrich and IINA, monies have been expended on behalf of Ulbrich to the detriment of IINA due to the damages sustained during transit.

16.     As IINA has sustained damages as a result of said expenditures, expenditures rightly the responsibility of the defendant, IINA has an equitable right of subrogation and is subrogated, to the extent of its expenditures, to the rights of its insured with respect to any and all claims for damages against the defendant.

17.     By reason of the foregoing, plaintiff has sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be $5,281.79.

## CLAIM 2

18.     On or about August 19, 2015, a consignment of 15 Skids Stainless Steel Strips, then being in good order and condition, was delivered to Defendants in New York for transportation to Penang, Malaysia in consideration of an agreed upon freight, pursuant to New Direx bill of lading number  OE-49203 dated August 19, 2015 and pursuant to Shipco bill of lading number PEN10191928 dated August 19, 2015.

19.     Defendants received the cargo without exception and thereafter stowed the consignment into container TCLU 6717614.

20.     Thereafter, the aforementioned container was loaded aboard the CMA CGM DON PASCUALE and the vessel departed New York on or about August, 2015.

21.     On or about September 25, 2015 the vessel arrived at the port of Penang, Malaysia and on or about that date the subject shipment was discharged onto the marine terminal.

22.     On or about September 25, 2015 Defendants delivered the subject container to the designated receiver. During discharge of the subject container, it was discovered that the cargo had sustained physical damage to 7 Skids.

23.     The physical damage sustained to the cargo of Stainless Steel Strips was due to the failure of Defendants and/or its subcontractors to properly care for the cargo while within their custody and control.

24.     The damaged cargo was valued at $1,170.62.

25.     At all times relevant hereto, a contract of insurance for property damage was in effect between Ulbrich and IINA, which provided coverage for, among other things, loss or damage to the consignment.

26.     Pursuant to the aforementioned contract of insurance between Ulbrich and IINA, monies have been expended on behalf of Ulbrich to the detriment of IINA due to the damages sustained during transit.

27.     As IINA has sustained damages as a result of said expenditures, expenditures rightly the responsibility of the defendant, IINA has an equitable right of subrogation and is subrogated, to the extent of its expenditures, to the rights of its insured with respect to any and all claims for damages against the defendant.

28.     By reason of the foregoing, plaintiff has sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be $1,170.62.

## AS AND FOR A FIRST CAUSE OF ACTION - BREACH OF CONTRACT

29.     The Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 28, inclusive, as if herein set forth at length.

30.     Pursuant to the contract entered into between the parties, defendant owed a contractual and statutory duty to the Plaintiff, to carry, bail, keep and care for, protect and deliver the Plaintiff's cargo in the same good order and condition as at the time said defendant first accepted custody and control of the goods.

31.     The defendant breached its contractual and statutory duties by failing to properly care for, bail and protect the Plaintiff's cargo in the same good order and condition as at the time said defendant first accepted custody and control of the goods.

32.     As a direct and proximate result of said breach of contract by defendant, the Plaintiff has suffered damages in the amount presently estimated to be no less than $6,452.41.

33.     By reason of the foregoing, the Plaintiff has sustained losses which will be shown with more specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be no less than $6,452.41.

## AS AND FOR A SECOND CAUSE OF ACTION - BREACH OF BAILMENT

34.     The Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 33, inclusive, as if herein set forth at length.

35.     Pursuant to its obligations as a bailee for hire of the Plaintiff's cargo, the defendant owed contractual and statutory duties to Plaintiff to carry, bail, keep and care for, protect and deliver the Plaintiff's cargo in the same good order and condition as at the time said defendant first accepted custody and control of the goods.

6

36.     The defendant breached its duties as a bailee for hire by failing to properly carry, bail, keep and care for, protect and deliver the Plaintiff's cargo in the same good order and condition as at the time said defendant first accepted custody and control of the goods.

37.     As a direct and proximate result of the breach of bailment by the Defendant, the Plaintiff has suffered damages in the approximate amount of $6,452.41.

38.     By reason of the foregoing, the Plaintiff has sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be no less than $6,452.41.

## AS AND FOR A THIRD CAUSE OF ACTION - NEGLIGENCE

39.     The Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 38, inclusive, as if herein set forth at length.

40.     The Defendant owed a duty to the Plaintiff to carry, bail, keep and care for, protect and deliver the Plaintiff's cargo in the same good order and condition as at the time said defendant first accepted custody and control of the goods.

41.     The Defendant breached and was negligent in its duty to carry, bail, keep and care for, protect and deliver the Plaintiff's cargo in the same good order and condition as at the time said defendant first accepted custody and control of the goods.

42.     As a direct and proximate result of the negligence by the Defendant, the Plaintiff has suffered damages in the approximate amount of $6,452.41.

43.     By reason of the foregoing, the Plaintiff has sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be no less than $6,452.41.

**WHEREFORE,** Plaintiff prays:

1.      That process in due form of law may issue against Defendants citing them to appear and answer all and singular the matters aforesaid;

2.      That judgment may be entered in favor of Plaintiff against Defendants for the amount of Plaintiff's damages in the amount of at least $6,452.41, together with interest, costs and the disbursements of this action; and

3.      That this Court grant to Plaintiff such other and further relief as may be just and proper.

Dated: New York, New York
        June 17, 2016
        115-1414

                                        CASEY & BARNETT, LLC
                                        Attorneys for Plaintiff

                                By:     _Martin F. Casey_
                                        Martin F. Casey
                                        James P. Krauzlis
                                        305 Broadway, Ste 1202
                                        New York, New York 10010
                                        (212) 286-0225

8